UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HUNTER,<br><br>            Plaintiff,<br><br>     v.<br><br>DIAN PATERSON, et al.,<br><br>            Defendants. | No.  2: 23-cv-2376 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, who is housed at Atascadero State Hospital, is proceeding without counsel with this civil action.  On October 31, 2023, the undersigned dismissed plaintiff's complaint with leave to amend.  (ECF No. 10.)  Pending before the court is plaintiff's amended complaint and motion for emergency transfer.  (ECF Nos. 13, 14.)

　　　　For the reasons stated herein, the undersigned recommends that this action be dismissed and that plaintiff's motion for emergency transfer be denied.

Amended Complaint

　　　　*Screening Standards*

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

1

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

*Allegations in Amended Complaint*

Named as defendants are Dian Paterson, Terry Baker, Sandra Gibson, Marthy Giggs, Veronica Williams, Cindy Paterson, Debbie Paterson, Cindy Williamson and Dian Williamson. (ECF No. 14 at 1.)  In the caption of the amended complaint, plaintiff alleges legal claims of embezzlement, defalcation, extortion and racketeering fraud.  (Id.)  Plaintiff alleges that defendants Dian Paterson and Terry Baker conspired to steal $1,000,000 of plaintiff's trust fund by "misleading 5 alias names as the same names as Dian's that they utilize to abstract the money to go and b[uy] some meth."  (Id. at 2.)  Plaintiff alleges that defendants admitted the truth on

1  camera. (Id.) Plaintiff alleges that defendants committed the crime of embezzlement, conspiracy
2  and racketeering fraud. (Id.) Plaintiff alleges that the money was withdrawn from the Credit
3  Union Bank for a check that was signed off by Dian, plaintiff's dad's trademark and Sergeant
4  Williamson. (Id.)
5       Plaintiff alleges that defendants Terry Baker and Dian also tried to "abstract" $12,000,000
6  from Bank of America a second time. (Id. at 3.) Plaintiff alleges that Dian confessed that she
7  forged a check. (Id.) Plaintiff also alleges that Ricky Mandeville (who plaintiff identifies as
8  another defendant) and defendant Dian Paterson tried to get the bankrupt county shut down in
9  Sacramento. (Id. at 4.) Plaintiff alleges that defendants Dian Paterson and Ricky Mandeville
10  tried to get the county jail shut down in order to scam money for themselves. (Id.)
11       *Discussion*
12       Plaintiff brings claims for embezzlement, defalcation, extortion and racketeering fraud.
13  Plaintiff does not identify any federal statute or right that provides a private cause of action for
14  embezzlement, aka defalcation, or extortion. Accordingly, plaintiff's embezzlement and
15  extortion claims should be dismissed. See Samzelius v. Bank of America, 2012 WL 12949683,
16  at *9 (N.D. Cal. Oct. 9, 2012) ("Extortion is a federal criminal offense, and there is no private
17  right of action for extortion."); Retanan v. California Department of Corrections and
18  Rehabilitation, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012) (there is no private right of
19  action under the federal embezzlement statute).
20       The Racketeer Influenced and Corrupt Organizations Act ("RICO") provides for a civil
21  remedy. Plaintiff appears to claim that defendants violated the RICO statute by fraudulently
22  obtaining money from plaintiff's prison trust account, his Credit Union Bank account and
23  possibly his Bank of America account. However, for the reasons stated herein, the undersigned
24  finds that plaintiff has not alleged facts that support a civil RICO claim.
25       A civil RICO claim requires allegations establishing the following: "(1) conduct (2) of an
26  enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing
27  injury to plaintiff's business or property." Living Designs, Inc. v. E.I. Dupont de Nemours and
28  Co., 431 F.3d 353, 361 (9th Cir. 2005).

The undersigned finds that plaintiff has not plead sufficient facts demonstrating the existence of an enterprise.  "To show the existence of an enterprise under the second element, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014).  Plaintiff fails to plead the existence of an enterprise with a common purpose, a structure or organization and longevity necessary to accomplish the purpose.

The undersigned also finds that plaintiff's allegations regarding predicate acts, i.e., the alleged fraud by defendants to obtain money from plaintiff's accounts, are vague and conclusory. Plaintiff does not specifically allege when, where or how the alleged fraud occurred.  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (applying heightened pleading standard of Federal Rule of Civil Procedure 9 to RICO predicate acts of fraud; complaint must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988) ("The allegations of predicate acts in the complaint concerning those elements of RICO are entirely general; no specifics of time, place, or nature of the alleged communications are pleaded. This is a fatal defect under Fed. R. Civ. P. 9(b), which requires that circumstances constituting fraud be stated with particularity.").

Plaintiff may be seeking to bring suit for violations of criminal statutes, although plaintiff fails to identify any specific criminal statutes allegedly violated.  Generally criminal statutes do not provide a private cause of action.  "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979).  Any party asserting a private right of action under a criminal statute bears the burden of establishing its existence.  Bailey v. Clarke, 2012 WL 6720628, at *2 (S.D. Cal. Dec.21, 2012) (citing Stupy v. United States Postal Serv., 951 F.2d 1079, 1081 (9th Cir.1991)).  Plaintiff fails to meet his burden of asserting a private right of action under any criminal statute because he fails to identify any criminal statute allegedly violated.

4

Plaintiff also alleges that defendants Dian Paterson and Ricky Mandeville tried to get the county jail shut down in order to scam money for themselves. The legal grounds of this claim are unclear. In addition, plaintiff's claim that defendants Paterson and Mandeville tried to "scam money for themselves" is vague and conclusory as plaintiff alleges no specific facts supporting this claim. For all of these reasons, the undersigned recommends dismissal of this claim against defendants Paterson and Mandeville. Fed. R. Civ. P. 8(a)(2).

In conclusion, the undersigned recommends that this action be dismissed because it is clear that plaintiff cannot cure the pleadings defects discussed above. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Motion for Emergency Transfer

Plaintiff requests an emergency transfer to the federal hospital for the criminally insane. (ECF No. 13.) The undersigned construes plaintiff's request as a motion for injunctive relief.

The grounds of plaintiff's motion for emergency transfer are unclear. Plaintiff makes allegations regarding a "severe brain tumor impairment." However, it is unclear whether plaintiff claims that plaintiff, himself, or defendant Dian Paterson suffers from the brain tumor. Plaintiff also appears to seek a scan of defendant Paterson's brain.

To obtain preliminary injunctive relief, plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Because the undersigned recommends dismissal of this action for the reasons discussed above, the undersigned finds that plaintiff has not demonstrated a likelihood of success on the merits of this action. For this reason, plaintiff's motion for emergency transfer, construed as a motion for injunctive relief, should be denied.

////

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for an emergency transfer (ECF No. 13), construed as a motion for injunctive relief, be denied; and
2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 19, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hunt2376.fr